RYDER, Judge.
On January 10, 1974 the appellant, Max Lander [hereinafter “Lander”], filed an action against the estate of Marie E. Chadwick and its executor. In Count I of this action, Lander attempted to recover certain shares of stock allegedly given to him by Mrs. Chadwick prior to her death and in Count II, Lander sought reimbursement for sums of money allegedly extended by Lander on behalf of Mrs. Chadwick and compensation for the value of nursing services allegedly rendered by him to her. The lower court directed a verdict for defendant as to Count I and the jury returned a verdict on behalf of Lander on Count II for $3,000.00. Thereafter, Lander appealed the action of the trial court below in directing the verdict as to Count I.
Lander and Mrs. Chadwick were married in June of 1967 but divorced in January of 1971. However, approximately thirty days thereafter, Mrs. Chadwick returned to Lander’s home in February of 1971 and lived under his roof until she died some two years and three months later in May of 1973.
During the probate of Mrs. Chadwick’s estate, the executor demanded that Lander return certain specified stocks which, although under protest, he did contending the specified stocks were gifts made by Mrs. Chadwick to him on or about February 2, 1973 prior to her death.
As negotiations for the return of the stocks were unsuccessful, Lander filed suit as related above.
During the May 1977 trial, Lander’s attorney attempted to introduce into evidence an exhibit marked No. 19. This exhibit was a half page of paper, allegedly a partial dividend record which, in turn, allegedly contains dates and amounts of dividends supposedly paid to Mrs. Chadwick on stocks; but more importantly to Lander, it contains a notation, again allegedly, in Mrs. Chadwick’s handwriting, “Stocks gave to Max Feb. 1973.” Exhibit 19 was found in 1975 by Lander in a drawer of a table previously utilized by Mrs. Chadwick.
*1242 Lander, in his effort to introduce Exhibit No. 19, was attempting to show Mrs. Chadwick had, in fact, made an inter vivos gift of the stock to him in February of 1973 as he had alleged, and that the notation, “Stocks gave to Max Feb. 1973" definitely showed donative intent. Although Lander’s attorney proffered that he had a handwriting expert who would testify that the entries and notations on the paper were written in the handwriting of Mrs. Chadwick, the trial judge excluded Exhibit No. 19 as hearsay and directed a verdict as to Count I against Lander.[1] This appeal ensued.
We feel that the trial court erred in not allowing Lander to proceed with his attempt to adequately identify Exhibit No. 19. We believe First Gulf Beach Bank and Trust Co. v. Grubaugh, 330 So.2d 205 (Fla. 2nd DCA 1976), is inapplicable under these circumstances, but that Clark v. Grimsley, 270 So.2d 53 (Fla. 1st DCA 1972) more closely applies. The testimony of the handwriting expert, a disinterested witness, was crucial to Lander’s efforts to attempt to identify this document. If the handwriting expert could have sufficiently identified the handwriting of Mrs. Chadwick on this document, it would have given Lander an opportunity to attempt to further identify and connect up the exhibit by the testimony perhaps of a stock broker or other expert who might be in a position to testify that the stocks subject of this suit earned the exact dividends as purportedly set forth on the paper to the shares of stock to which it allegedly relates. Properly identified and connected to the stocks which Lander contends were a gift to him, Exhibit 19 certainly tends to corroborate the claim of dona-tive intent on the part of Mrs. Chadwick and thus should be a matter to be weighed by the jury. Of course, we do not say Lander will eventually be successful in this quest but he should have been given the opportunity to try to do so. If Lander could present competent testimony connecting the document to his allegations, then the jury should be given an opportunity to decide the issue.
We reverse and remand for further proceedings not inconsistent with this opinion.
HOBSON, Acting C. J., and SCHEB, J., concur.

. The record on appeal does not adequately reflect the trial judge’s award of a directed verdict on Count I, but the parties agreed during oral argument to that fact.